NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 06-CV-165-HRW

LEROY SINGLETON, JR.                                                                                            PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

BRIAN PATTON                                                                                                      RESPONDENT

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Leroy Singleton, Jr., an individual currently confined in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Ashland, Kentucky, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, in this Court. After the Court denied his motion to proceed *in forma pauperis*, he paid the habeas filing fee.

This matter is now before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).

As Singleton is appearing *pro se,* his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

ALLEGATIONS AND CLAIMS

Singleton has submitted to this Court a completed commonly used petition form, to which he has attached a memorandum of law and exhibits. Record No. 2. The following is a summary of the allegations and claims which he makes in these materials.

The petitioner writes that he was convicted of certain federal drug offenses in 1996 and is currently serving the 235-month sentence handed down in that criminal case in the United States District Court for the Southern District of Georgia. In this petition, he challenges a disciplinary proceeding which took place when he was incarcerated in the Federal Prison Camp in Atlanta, Georgia, and he attaches the incident report which was written against him there.

In the BOP incident report, dated January 6, 2006, the petitioner was charged with possession, manufacture or introduction of a hazardous tool, Code 108 and 305 offenses, based upon a corrections officer's discovery of two cartons of cigarettes and a cell phone in the petitioner's possession and a subsequent struggle over the phone. The disciplinary committee recommended that the matter be decided by a disciplinary hearing officer ("DHO") and also recommended if Singleton were found guilty, he should be penalized with a 30-day stay in disciplinary segregation, the loss of commissary and telephone privileges for 60 days, and a transfer.

The incident report shows that although the incident occurred on January 6th, the petitioner was not served with it until February 9, 2006. A second exhibit attached to the instant petition is a memorandum, dated February 1, 2006, in which the delay is explained and the warden approves a delayed prosecution of the disciplinary charges. Therefore, after approval, the petitioner was served with a copy of the charges on February 9th and the disciplinary committee did not make its recommendations until February 14, 2006.

Petitioner Singleton does not attach any documents from the disciplinary proceedings themselves. He states that they were constitutionally flawed, in violation of his due process rights, because he was placed in administrative segregation without knowing the charges against him; did not know that delayed prosecution was being considered; and did not receive notice of the charges until the February 9th date, rather than within 24 hours, as is called for in the pertinent BOP regulation, 28 C.F.R. §541.15. Evidently the petitioner was convicted of some offenses, as he alleges that his sanctions were "(1) a transfer, (2) 60 days of good time taken from him, (3) 40 days of good time taken from him, (4) loss of telephone privileges for 365 days (one year)."

The petitioner argues the importance of visitation for prisoners and the Supreme Court's words about the importance of procedural protections of prisoners' due process rights in *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). Claiming that he had liberty interests in avoiding segregation and in keeping his good time credits and that he did not receive the process he was due, Singleton seeks expungement of the conviction, reinstatement of the good time credits, and a transfer back to his prior place of incarceration.

## DISCUSSION

The Court will not--indeed, cannot--address the merits of Petitioner Singleton's constitutional claim, because he has failed to demonstrate that he fulfilled a pre-condition to filing the instant lawsuit.

Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975)

3

("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'"). Moreover, exhaustion of administrative remedies is necessary to prepare a record. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).

The administrative remedies available to inmates confined in BOP institutions are set out in the Administrative Remedy Program, found at 28 C.F.R. §§542.10-.19 (1998). There is a form for each level in the appeal process. To appeal a disciplinary conviction to the Warden, the inmate must file a formal written request (a BP-9 form). *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel. *See* §542.15 (a) - (b).

Singleton has not demonstrated that he pursued the BOP administrative process at all, much less through all levels so as to exhaust the appeals. He has not even *alleged* that he did so. Because the instant petitioner has not provided any information from the administrative appeal process, this Court lacks a record and sufficient information for meaningful review of his claims. The Court does not know how long he was in the complained-of administrative detention, the offenses of which he was convicted, the evidence on which the DHO relied, the claims the prisoner made administratively, or what position(s) the BOP took with regard to each claim.

In addition to providing the Court with a record, the federal courts have recognized that there are several additional reasons for the exhaustion requirement. As stated by the Third Circuit in *Lyons v. United States Marshals*, 840 F.2d 202 (3rd Cir. 1988):

> The exhaustion requirement promotes: (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for

dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.

*Id.* at 205. Because the petitioner failed to demonstrate that he exhausted the BOP appeal process, his lawsuit will be dismissed without prejudice.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Leroy Singleton, Jr.'s §2241 petition for habeas corpus [Record No. 2] is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte,* from the docket of the Court.

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This March 23, 2007.

Signed By:
Henry R Wilhoit Jr.
United States District Judge